**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES M. POYNER; RALPH C. MOORE;
KARL G. HUDSON, JR.; TEXANA J.
MONTAGUE; JAMES D. RAY, JR.;
FRANK R. GAILOR,
<u>Plaintiffs-Appellants,</u>

No. 96-2079

v.

AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA, c/o CNA
Insurance Companies,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-95-1067-5-H)

Argued: July 9, 1997

Decided: August 15, 1997

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Joseph H. Smith, STOHLMAN, BEUCHERT,
EGAN & SMITH, CHARTERED, Washington, D.C., for Appellants.
William Eric O'Brian, Jr., ROSS, DIXON & MASBACK, L.L.P.,

Washington, D.C., for Appellee. **ON BRIEF:** David M. Gische, R. Darryl Cooper, ROSS, DIXON & MASBACK, L.L.P., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The directors of a failed savings and loan, First Federal Savings & Loan Association of Raleigh, appeal the decision of the district court dismissing their action against American Casualty Company, the issuer of their directors and officers liability policy, as barred by the applicable statutes of limitations. We affirm.

The Resolution Trust Corporation placed First Federal in receivership in December 1990. Shortly thereafter, the RTC filed claims against First Federal's directors for "wrongful acts" associated with the origination and servicing of certain construction loans. The directors requested American Casualty, their insurer, to accept defense of the claims under the provisions of First Federal's directors and officers liability insurance policy. On January 25, 1991, American Casualty informed the directors, in writing, that it was denying coverage for the claims and refusing to pay attorneys' fees for the defense.

On December 28, 1994, the directors settled their claims with RTC for $1,130,000. American Casualty, consistent with its position, declined to participate in negotiations and refused to pay for the settlement or attorneys' fees. On December 27, 1995, the directors initiated the present diversity action against American Casualty alleging fraudulent misrepresentation, unlawful use of endorsements, and unfair and deceptive practices arising out of American Casualty's failure to cover the loss. The directors sought, inter alia, reformation of the insurance contract, payment of the settlement amount and attorneys' fees, and treble or punitive damages.

2

The district court found that the statute of limitations had run on all of the directors' claims and dismissed the complaint on that basis. In doing so, the court rejected the directors' contention that a "no action" clause in the insurance agreement had tolled the running of limitations because that clause governed only suits brought under the insurance contract and the directors alleged no"dispute as to the meaning of the insurance policy." <u>Poyner v. American Cas. Co.</u>, No. 5:95-CV-l067-H-1, slip op. at 5 (E.D.N.C. July 5, 1996). After carefully considering the parties' briefs and the applicable law, and having had the benefit of oral argument, we affirm for the reasons ably stated by the district court.

<u>AFFIRMED</u>